NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 16-1386

———————————

MIRIAM NINETH PERALTA DE ESQUIVEL,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

———————————

On Petition for Review of a Decision of the Board of Immigration Appeals
(A201-112-563)
Immigration Judge: Miriam K. Mills

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2016

Before: McKEE, *Chief Judge*,[1] HARDIMAN and RENDELL, *Circuit Judges*

(Opinion Filed: April 18, 2017)
———————

OPINION∗
———————

_____

[1] Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third Circuit on September 30, 2016.
∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Miriam Nineth Peralta De Esquivel petitions for review of a Board of Immigration Appeals order affirming the Immigration Judge's denial of her application for asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3), as well as protection under the Convention Against Torture. Peralta has only appealed the IJ's denial of withholding of removal.[2] For the following reasons, we will deny the petition for review.

## I.

Peralta entered the United States in September 2007 and filed an application for asylum, withholding of removal, and protection under the Convention Against Torture on in April 2012. Because her asylum application was not filed within one year of entry into the United States, and because she failed to show that she met any of the exceptions to the one-year deadline, the IJ deemed Peralta's application for asylum time-barred.

Peralta claims that she came to the United States after her ex-brother-in-law, Gonzalo Lopez Cabrera, threatened her life. According to Peralta, Cabrera is a drug trafficker.[3] She alleges that days after hearing an argument between her step-brother and Cabrera, during which Cabrera threatened her step-brother's life, her step-brother was murdered.[4] At the funeral, Peralta confronted Cabrera, who "threatened her, saying that she should not tell anyone about it or the same thing would happen to her."[5] Later, when

---

[2] Brief for Petitioner at 2.
[3] Brief for Respondent at 5.
[4] Brief for Respondent at 5–6.
[5] Brief for Respondent at 6.

Peralta's sister divorced Cabrera, he told her he was going to kill her and her family.[6] Peralta has had no contact with Cabrera since her step-brother's funeral.

The IJ found that Peralta was credible and that she sufficiently corroborated these claims. However, the IJ concluded that Peralta failed to demonstrate that she had a well-founded fear of persecution based on a protected ground or that it was more likely than not that she would be persecuted if she returned to Guatemala. Accordingly, the IJ denied her application for withholding of removal and protection under the Convention Against Torture.

The BIA found no clear error in the IJ's determinations and affirmed the IJ's decisions regarding asylum and withholding of removal.

## II.

Our jurisdiction over a petition for review of a final removal order by the BIA arises under 8 U.S.C. §1252(a). We review the BIA's decision, and not the IJ's underlying order, unless the BIA merely affirmed based on the IJ's decision.[7] The Court conducts its review using the deferential substantial-evidence standard.[8] We will not reverse the BIA unless the evidence in the record "'compels' a different result."[9]

In order to be eligible for withholding of removal, Peralta must show that there is a "'clear probability' that . . . her life or freedom would be threatened if [she] is" removed

---

[6] Brief for Respondent at 7.
[7] *Abdulai v. Ashcroft*, 239 F.3d 542, 548–49 (3d Cir. 2001).
[8] *See I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481–84 (1992).
[9] *Kang v. Att'y Gen.*, 611 F.3d 157, 164 (3d Cir. 2010) (quoting *Elias–Zacarias*, 502 U.S. at 481 n.1).

to Guatemala.[10] A clear probability requires her to establish that it is "more likely than not"[11] that she will be persecuted in her home country on account of her "race, religion, nationality, membership in a particular social group, or political opinion."[12]

The BIA held that because Peralta did not show that her alleged social group is socially distinct, she is not a member of a "cognizable social group" under the Immigration and Nationality Act.[13] Furthermore, because she was unable to establish that it was more likely than not that she would be persecuted if she returned to Guatemala, she did not meet her burden of establishing eligibility for withholding of removal. The decision is supported by substantial evidence.

Peralta originally alleged her social group to be "Guatemalan women who are related to narcotics traffickers who physically abuse their wives and kill their wives' family members."[14] However, a particular social group cannot be defined by the harm feared.[15] Accordingly, the IJ considered only "Guatemalan women who are related to narcotics traffickers."[16]

To obtain relief on this ground, Peralta needed to show that the identified group is "(1) composed of members who share a common immutable characteristic, (2) defined

---

[10] *Mulanga v. Ashcroft*, 349 F.3d 123, 132 (3d Cir. 2003) (quoting *Lin v. I.N.S.*, 238 F.3d 239, 244 (3d Cir. 2001)); 8 U.S.C. § 1231(b)(3) (2012).

[11] *I.N.S. v. Cardoza–Fonseca*, 480 U.S. 421, 430 (1987).

[12] 8 U.S.C. § 1231(b)(3)(A) (2012).

[13] AR 5.

[14] AR 172.

[15] *See Matter of W-G-R-*, 26 I. & N. Dec. 208, 218 (B.I.A. 2014) (citing *In re A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74 (B.I.A. 2007)).

[16] AR 55.

with particularity, and (3) socially distinct within the society in question."[17] The record provides substantial evidence that narcotics trafficking is ubiquitous in Guatemala, and therefore her claimed group does not have sufficient distinction within society. Thus, Peralta has not fulfilled her burden of showing that she is a member of a particular social group targeted for persecution. Moreover, we agree that she waived reliance on a new group, "witnesses of crime," that she later claimed as the relevant social group for the first time on appeal to the BIA.[18]

Substantial evidence also supports the BIA's conclusion that there was no clear error in the IJ's finding that Peralta lacks an objective fear of persecution. "An applicant can demonstrate that she has a well-founded fear of future persecution by showing that she has a genuine fear, and that a reasonable person in her circumstances would fear persecution if returned to her native country."[19] Peralta's claim is based on her belief that Cabrera killed her step-brother in 2006, her allegation that Cabrera threatened to kill her if she told anyone about the murder, and her claim that he also threatened her family. However, there is no evidence that Cabrera threatened or tried to locate Peralta after she moved to Guatemala City, or that he has he tried to contact her family. We therefore agree that Peralta cannot establish that it is more likely than not that she will be persecuted by Cabrera if she returns to Guatemala. "[T]hreats standing alone . . . constitute persecution in only a small category of cases, and only when the threats are so

---

[17] *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014).
[18] AR 5.
[19] *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).

5

menacing as to cause significant actual 'suffering or harm.'"[20] The BIA's finding "can be reversed only if the evidence presented . . . [is] such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed."[21] Here, based on the amount of time that has passed since the threats, the lack of contact from Cabrera during that time, and the fact that Peralta's family has remained in Guatemala without harm,[22] the record supports the BIA's order.

## III.

For the foregoing reasons, we will deny Peralta's petition for review.

---

[20] *Li v. Att'y Gen.*, 400 F.3d 157, 164 (3d Cir. 2005) (quoting *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000)).

[21] *Elias–Zacarias*, 502 U.S. at 481.

[22] *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished."), *superseded on other grounds by statute*, REAL ID Act codified at 8 U.S.C. § 1158(b)(1)(B)(i), *as recognized in Macari v. Att'y Gen.*, 542 F. App'x 158, 160 & n.2 (3d Cir. 2013) (citing *Long Hao Li v. Att'y Gen.*, 633 F.3d 136, 142 n.4 (3d Cir. 2011)).